**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 95-5562

LASCELLES TIMOTHY OWENS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Deborah K. Chasanow, District Judge.
(CR-94-453-DKC)

Submitted: July 23, 1996

Decided: August 1, 1996

Before WIDENER, NIEMEYER, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Russell R. Reno, Jr., E. Anne Hamel, VENABLE, BAETJER &
HOWARD, L.L.P., Baltimore, Maryland, for Appellant. Barbara
Suzanne Skalla, Assistant United States Attorney, Deborah A. John-
ston, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt,
Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Lascelles Timothy Owens pled guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C.A. § 846 (West Supp. 1996). The district court sentenced him to 151 months imprisonment. He appeals his conviction and sentence. Owens's attorneys filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising three issues but indicating that, in their view, there are no meritorious issues for appeal. Owens was informed of his right to file a pro se supplemental brief, but failed to file anything on his own behalf.

Owens's attorneys raise the issue of sentencing entrapment. However, this issue is not reviewable because Owens entered into a plea agreement waiving his right to appeal. Owens claims his waiver of the right to appeal is unconstitutional, but a de novo review of the record reveals that he knowingly and intelligently waived the right during the Fed. R. Crim. P. 11 colloquy and by signing the plea agreement. See United States v. Attar, 38 F.3d 727, 731 (4th Cir. 1994), cert. denied, ___ U.S. ___, 63 U.S.L.W. 3809 and 63 U.S.L.W. 3817 (U.S. May 15, 1995) (No. 94-1404).

Finally, Owens's attorneys raise a claim of ineffective assistance of counsel. However, a claim of ineffective assistance of counsel is not reviewable on direct appeal unless it "conclusively appears" from the record that defense counsel did not provide effective representation. United States v. Matzkin, 14 F.3d 1014, 1017 (4th Cir. 1994) (citing United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir.), cert. denied, 503 U.S. 997 (1992)). The record in this case does not conclusively demonstrate ineffective assistance of counsel.

In accordance with the requirements of Anders , we have examined the entire record in this case and find no other meritorious issues for

2

appeal. We deny counsel's motion to withdraw from further representation. This court requires that counsel inform the client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED